NO. 07-03-0135-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 14, 2003

_____

BENJAMIN ALONZO ZEPEDA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,027-C; HONORABLE PAT PIRTLE, JUDGE

_____

Before JOHNSON, C.J. and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND

On March 19, 2003, a copy of a Notice of Appeal in cause No. 44,027-C in the 251st District Court of Potter County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk). The document filed gives notice that Benjamin Alonzo Zepeda, appellant, desires to appeal from a conviction and sentence in such court and cause number. On March 24, 2003, a docketing statement was filed with the appellate clerk.

On April 16, 2003, the District Clerk of Potter County (the trial court clerk) advised that the clerk's record had not been paid for, the clerk had not received an affidavit of indigency from appellant, and appellant's attorney had not made arrangements to pay for the record. The clerk's record has not been filed.

On April 17, 2003, the appellate clerk sent a letter to appellant's attorney directing counsel to advise this Court on the status of appellant's indigency. No response to that letter has been received to date. The appellate clerk's record reflects no other action by any party to the appeal to prosecute the appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk's record furnished without charge; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's record will be promptly filed and that the appeal will be diligently pursued.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk's record on remand; (3) cause the hearing proceedings to be

2

transcribed and included in a reporter's record; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than June 16, 2003.

Per Curiam

Do not publish.

3